The Honorable Robert J. Bryan

FILED _____ LODGED _____
_____ RECEIVED

JUN 25 2015

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>AML SHIP MANAGEMENT GMBH,<br>Defendant. | NO. CR15-5321RJB<br><br>**PLEA AGREEMENT** |

The United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, and James Oesterle and Seth Wilkinson, Assistant United States Attorneys, and Joseph Poux, Jr., Deputy Chief, Environmental Crimes Section, and AML SHIP MANAGEMENT GMBH, through its attorney, Michael Chalos and George K. Kontakis of K&L Gates, LLP, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

1. **Waiver of Indictment.** Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charge brought by the United States Attorney in an Information.

2. **The Charge.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to the

UNITED STATES v. AML SHIP MANAGEMENT
CR15-5321RJB/PLEA AGREEMENT - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 | charge of Violation of the Act to Prevent Pollution from Ships ("APPS"), in violation of Title 33, United States Code, Section 1908(a), and Title 33, Code of Federal Regulations, Section 151.25, as charged in Count 1 of the Information.

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering the guilty plea, Defendant and/or its duly authorized representative will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

3. **Elements of the Offense.** The elements of the offense of Violation of the Act to Prevent Pollution from Ships ("APPS"), in violation of Title 33, United States Code, Section 1908(a) and Title 33, Code of Federal Regulations, Section 151.25, are as follows:

   a.   The defendant is a person;

   b.   Who knowingly;

   c.   Failed to accurately maintain an Oil Record Book for a ship of 400 gross tons and above;

   d.   While subject to APPS oil discharge regulations (i.e. while in the navigable waters, or at a port or terminal of, the United States).

Defendant acknowledges that under established principles of corporate liability and respondeat superior, as these principles apply in the instant case, corporate defendants are liable for the actions of their employees, agents, and servants under circumstances where the employees, agents, and servants are acting within the scope of their agency and their actions are intended, at least in part, to benefit the corporate defendant. *See, e.g. United States v. Beusch*, 596 F.2d 871 (9th Cir. 1979); *United States v. Powder Puff Co.*, 163 F.2d 1008 (7th Cir. 1947); and *New York Central and Hudson River R.R. v. United States*, 212 U.S. 481, 495 (1909).

UNITED STATES v. AML SHIP MANAGEMENT
CR15-5321RJB/PLEA AGREEMENT - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970



4. **The Penalties**. Defendant understands that the statutory penalties applicable for the offense of violating the Act to Prevent Pollution from Ships, Title 33, United States Code, Section 1908(a) are as follows: a fine of up to five hundred thousand dollars ($500,000), or twice the gross gain or loss resulting from the unlawful conduct pursuant to Title 18, United States Code, Section 3571(d), a period of probation of up to five (5) years, and a four hundred dollar ($400) special assessment. Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law. At this time the parties are unaware of any identifiable victim or restitution due.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution (if any), is due and payable as directed by the Court.

5. **Business Organization.** Defendant agrees and understands that this agreement is intended to bind AML Ship Management GmbH and its affiliates for purposes of agreeing to and implementing the environmental compliance plan ("ECP") referenced in Paragraph 11(c) of this agreement. If the defendant changes names, reorganizes, merges, or otherwise ceases operations in its current form, the person or entity acquiring the assets or taking over the operation of the AML Ship Management GmbH business shall take over the obligations of this agreement, unless such person or entity is an unaffiliated third party which acquires such assets in an arm's length transaction that is not intended to circumvent the obligations of this agreement. In the event of such a sale, defendant agrees to provide the United States Attorney's Office for the Western District of Washington with sufficient information to allow it to determine whether the acquirer is an unrelated party, whether the transaction constitutes an arms-length transaction, and whether the transaction is intended to circumvent this agreement. The defendant further agrees to provide the United States Attorney's Office for the

UNITED STATES v. AML SHIP MANAGEMENT
CR15-5321RJB/PLEA AGREEMENT - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Western District of Washington and the United States Probation Office for the Western District of Washington with immediate notice of any name change, business reorganization, change of control or ownership, or similar action that significantly impacts the operation of its business or the implementation and fulfillment of this plea agreement. The defendant further agrees to provide the United States Attorney's Office for the Western District of Washington and the United States Probation Office for the Western District of Washington with immediate notice of any acquisition, sale, change in management, operation and ownership of any vessel that is owned or operated by the defendant or any parent or affiliated entity. No change in name, change in corporate or individual control, business reorganization, change in ownership, merger, change of legal status, sale or purchase of assets, or similar action shall alter the defendant's responsibilities under this agreement, unless, as describe above, such transfer is made to a an unaffiliated third party pursuant to an arm's length transaction. The defendant shall not engage in any action to seek to avoid the obligations and conditions set forth in this agreement. This agreement, together with all of the obligations and terms hereof, shall inure to the benefit and shall bind assignees, parent corporations, subsidiaries, affiliates, successors-in-interest, and transferees of the defendant, except as described above.

6. **Corporate Authorization.** The Defendant agrees that this Plea Agreement will be executed by a person authorized by law and by AML Ship Management GmbH to enter into this agreement and to plead guilty on behalf of the Defendant. The authorized person shall be a corporate officer with sufficient authority to bind the corporation in all matters. On or before the date of entry and filing of this Agreement, Defendant shall provide the U.S. Attorney's Office and the Court an original written statement, , that Defendant corporation is authorized to enter into and comply with all the provisions of this Plea Agreement; that a representative of Defendant has been authorized to enter a guilty plea and attend the sentencing hearing on behalf of Defendant; and that Defendant and its authorized representative have observed all required corporate formalities for such authorizations. The authorization shall also specifically state that the identified

UNITED STATES v. AML SHIP MANAGEMENT
CR15-5321RJB/PLEA AGREEMENT - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

individual has the authority to bind assignees, parent corporations, subsidiaries, affiliates, successors-in-interest, and transferees of the Defendant, except, as described above, for any arm's length transfer to an unaffiliated third party.

7. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

   a. The right to plead not guilty and to persist in a plea of not guilty;

   b. The right to a speedy and public trial before a jury of Defendant's peers;

   c. The right to the effective assistance of counsel at trial;

   d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

   e. The right to confront and cross-examine witnesses against Defendant at trial;

   f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

   g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

   h. The right to appeal a finding of guilt or any pretrial rulings.

8. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

9. **Statement of Facts.** Defendant admits it is guilty of the charged offense. The parties agree on the following facts:

   a. Defendant AML Ship Management GmbH (AML) is the operator of the Motor Vessel (M/V) City of Tokyo. The M/V City of Tokyo is a vehicle carrier vessel, IMO No. 8709145, which operates under the flag of The Republic of Liberia. The City of Tokyo was built in 1987, weighs approximately 42,247 gross tons, and is 603 feet long. The City of Tokyo is owned by Cedar Car Carrier AS, a Liberian-domiciled company.

UNITED STATES v. AML SHIP MANAGEMENT
CR15-5321RJB/PLEA AGREEMENT - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970



b. AML is a private limited company incorporated in Germany, based in Hamburg, Germany. AML is the technical and crew manager of a fleet of six vehicle carriers and one cruise ship. The M/V City of Tokyo joined the AML fleet in July 2014. The M/V City of Tokyo was previously named NOCC Caspian. AML is liable for the actions of its employees and crewmembers on the City of Tokyo, acting within the scope of their employment and with the intent, at least in part, to benefit the defendant.

c. As the operator of the City of Tokyo, AML's employees were responsible for operating the Oil Water Separator (OWS) and maintaining an accurate Oil Record Book (ORB). Under the Act to Prevent Pollution from Ships, the ORB must accurately record the levels of oil and oil/water mixtures in the vessel's tanks, and must accurately record any discharge of oil or oily mixture. All discharges of oil residue and bilge water that have accumulated in machinery spaces must be recorded in the ORB without delay by the person in charge of the operation.

d. On March 26, 2015, the City of Tokyo arrived at the Port of Tacoma in Tacoma, Washington. An inspection of the ORB revealed that the ORB had not been accurately maintained. For example, the ORB reflected that, on November 11, 2014, the vessel's bilge holding tank contained 51.1 cubic meters of bilge water. The ORB further reflected that on November 24, 2014, the bilge holding tank contained only 16 cubic meters of bilge. The ORB did not contain an entry documenting the disposition or discharge of the remaining 35.1 cubic meters (approximately 9,200 gallons) of bilge water. By failing to document this discharge or disposition as required, the City of Tokyo's crew knowingly failed to accurately maintain an ORB while at a port of the United States.

e. A physical inspection of the vessel by the Coast Guard revealed evidence consistent with the overboard discharge of bilge water. For example, the Coast Guard discovered oil residue in vessel's fire main system. The inspection further revealed that the vessel's incinerator was inoperable.

f. The Coast Guard inspection also revealed that the vessel's Oil Content Meter had no recorded memory of operations for the vessel's recent past. The Oil Content Meter records data each time the OWS is operated, including the time of OWS operation, how long the OWS ran, and whether bilge water contains more than 15 ppm of oil content. The data in the Oil Content Meter records can be used as one data point to test the accuracy of the ship's ORB. An analysis of the Oil Content Meter data showed that no data was available for the period prior to March 17, 2015.

10. **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the

UNITED STATES v. AML SHIP MANAGEMENT
CR15-5321RJB/PLEA AGREEMENT - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the Defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

    a.    The Court will determine Defendant's applicable Sentencing Guidelines range at the time of sentencing;

    b.    After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c.    Except as provided in the paragraph containing the stipulation of the parties pertaining to sentencing, Defendant may not withdraw the guilty plea solely because of the sentence imposed by the Court.

11. **Sentencing Agreements.** The parties agree to recommend the following sentence pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Defendant understands that these recommendations are not binding on the Court, and that defendant cannot withdraw the guilty plea solely because of the sentence imposed by the Court:

    a.    **Probation.** The parties agree that Defendant will be subject to a five-year term of probation, which shall run concurrently with the term of probation imposed in *United States v. AML Ship Management GMBH,* cause numbers CR15-00007SLG and CR15-00018SLG in the United States District Court for the District of Alaska.

UNITED STATES v. AML SHIP MANAGEMENT  
CR15-5321RJB/PLEA AGREEMENT - 7

UNITED STATES ATTORNEY  
700 STEWART STREET, SUITE 5220  
SEATTLE, WASHINGTON 98101  
(206) 553-7970

b. **Fine and Community Service Payment.** The parties agree that Defendant will pay a $125,000 fine, which will be paid no later than the time sentence is imposed or as otherwise ordered by the Court. The parties further agree that Defendant will pay a $75,000 organizational community service payment to an organization to be designated by the government prior to sentencing pursuant to U.S.S.G. § 8B1.3. The Defendant agrees that neither the fine nor the community service payment will be taken or used as a deduction or credit against, or otherwise used to reduce, the amount of taxes, royalties, or any other payments to the United States. In addition, since all the payments agreed to herein are part of the resolution of a criminal investigation, the Defendant will not characterize, publicize, or refer to these payments as voluntary donations or contributions. The Defendant agrees that the fine and community service payment will be non-dischargeable in any bankruptcy proceeding and that Defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to this obligation.

c. **Environmental Compliance Plan.** Defendant has previously entered into an environmental compliance plan as a term of sentence in *United States v. AML Ship Management GMBH*, cause numbers CR15-00007SLG and CR15-00018SLG in the United States District Court for the District of Alaska (the "Alaska Compliance Plan"). Defendant will submit an Agreement of Incorporation and Extension of Environmental Compliance Plan ("ECP") in accordance with U.S.S.G. § 8B2.1 at the time of sentencing that that has been pre-approved and agreed to by the United States, and that imposes on defendant obligations identical to the Alaska Compliance Plan, and except that: (i) the obligations in the ECP will extend for a period of five years following the date of imposition of sentence in this matter which shall run concurrently with the existing ECP, and which shall include third-party oversight to ensure compliance with the ECP during the fourth and fifth years of the ECP; and (ii) the Probation Office and United States Attorney's Office for the Western District of Washington shall receive the same notices, and shall have the same rights, as their counterparts in the District of Alaska. This provision is not intended to modify any obligation of Defendant under the Alaska Compliance Plan, but rather to extend the period under which defendant will be subject to the obligations set out in that plan for an additional two years beyond the termination of that ECP in respect to the obligations set forth in this Plea Agreement.

d. **No Further Violations.** Defendant agrees that it shall commit no further violations of federal, state or local law, and shall conduct all operations in accordance with MARPOL. Minor deficiencies noted during U.S. Coast Guard vessel exams that are not regularly submitted by the U.S. Coast Guard for civil or criminal action will not be considered a violation of this provision. Defendant acknowledges that this is a condition of probation. Defendant further agrees that if any vessel owned, operated, managed or chartered by defendant commits another violation of federal, state or local law that the Court finds to be a violation of defendant's probation, defendant will

UNITED STATES v. AML SHIP MANAGEMENT
CR15-5321RJB/PLEA AGREEMENT - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

forfeit its rights, with respect to that vessel, to enter the waters or ports of the United States, and expressly agrees that the offending vessel will be barred by the United States Coast Guard from entering waters or ports of the United States, including by refusing or revoking United States country clearances for such vessel, for a period of five years from the date of the alleged violation. Nothing in this agreement prevents the government from seeking additional remedies for such violations, including a ban from United States waters of all vessels owned, operated, managed or chartered by defendant in the event of any violations of the terms of probation by Defendant.

      e.    **Access.** Defendant agrees that during the period of probation, and at all reasonable times and upon as reasonable prior notice by the United States as practicable, they will provide the United States with full access to vessels calling on United States ports, as well as, all facilities, employees, and records relevant to monitoring compliance with the terms and conditions of the ECP. The United States will make all reasonable efforts to ensure that any vessel boarding pursuant to this agreement will not delay or interfere with the vessel's scheduled departure time.

12.    **Presence of Corporate Officer.** Defendant agrees that a duly-authorized corporate officer will appear in person at the time of sentencing.

13.    **No Retaliation.** Defendant, through its authorized representative, agrees that it will not take any adverse action against the officers and crew members for their participation or cooperation in this investigation and prosecution. Prohibited adverse actions include, but are not limited to, dismissal from service, refusal to offer future work assignments and negative performance review, where these actions are based in whole or in part on the officer's or crew member's participation in the investigation and prosecution of this case. All crew members shall be permitted to complete the balance of any current work contract. Nothing in this agreement is intended to prevent Defendant from taking appropriate remedial action with respect to employees in response to unlawful conduct, including the criminal conduct that is the subject of this Agreement, or to prevent future violation of APPS or other federal, state or local law.

14.    **Rule 410 Waiver.** The Defendant agrees that by signing this agreement it is admitting to the facts in the Statement of Facts portion of this agreement. The Defendant further agrees that if it withdraws its guilty plea prior to sentencing, or at any

UNITED STATES v. AML SHIP MANAGEMENT
CR15-5321RJB/PLEA AGREEMENT - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

time after the Court accepts the plea agreement and sentences it consistent with its terms, the Defendant agrees the facts that it admits in the Statement of Facts portion of this agreement shall be admitted as stipulations in any trial or sentencing that may follow. The foregoing provision acts as a modification, and express waiver, of Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11.

15. **Guideline Application Agreements.** The parties have no agreements regarding the application of the sentencing guidelines.

16. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington and the Environmental Crimes Section of the Department of Justice, Washington, D.C. agree not to prosecute Defendant for any additional offenses known to them as of the time of this Agreement that are based upon evidence in their possession at this time, and that arise out of the conduct giving rise to this investigation, and to move to dismiss the remaining counts in the indictment at the time of sentencing.

In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

17. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States

UNITED STATES v. AML SHIP MANAGEMENT
CR15-5321RJB/PLEA AGREEMENT - 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges in the Indictment that were previously dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the plea agreement.

18. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that by entering the guilty plea(s) required by this plea agreement, Defendant waives all rights to appeal from Defendant's conviction and any pretrial rulings of the court. Defendant further agrees that, provided the court imposes the sentence contemplated by Paragraph 11, Defendant waives to the full extent of the law:

    a.    Any right conferred by Title 18, United States Code, § 3742, to challenge, on direct appeal, the sentence imposed by the court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

    b.    Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation; and

UNITED STATES v. AML SHIP MANAGEMENT
CR15-5321RJB/PLEA AGREEMENT - 11

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970



If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

19. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter the plea of guilty.

20. **Statute of Limitations.** In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

21. **Completeness of Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of Washington and the Environmental Crimes Section of the Department of Justice, and does not apply to crimes committed outside of the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor. This Agreement does not release from criminal liability any person or entity other than the Defendant. This Agreement does not provide or promise any waiver of any civil or administrative action, sanction or penalty that may otherwise apply, including but not limited to, claims for damage to natural resources, suspension, debarment, listing, licensing, injunctive relief, or remedial action to comply with any applicable regulatory requirement.

UNITED STATES v. AML SHIP MANAGEMENT
CR15-5321RJB/PLEA AGREEMENT - 12

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970



## DEFENDANT'S ACCEPTANCE OF TERMS.

22.   I, the authorized representative for AML Ship Management GmbH (AML), the Defendant, affirm this document contains all of the agreements made between AML – with the assistance of counsel – and the United States regarding these pleas. There are no other promises, assurances, or agreements the United States has made or entered into with AML that have affected the decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, I and the United States will jointly inform the Court in writing before I enter the guilty pleas on behalf of AML.

AML understands that no one, including counsel for AML, can guarantee the outcome of this case or what sentence the Court may impose if AML pleads guilty. If anyone, including AML's attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea.

AML enters into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on AML's part to fulfill these obligations will constitute a material breach of this agreement. If AML breaches this agreement, AML agrees the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against AML on any charges arising out of the investigation in this matter. If AML's compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which AML agrees any of AML's disclosures will be admissible, the Court will determine whether or not AML has violated the terms of this agreement. AML understands the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under an oath to answer questions about the offenses to which AML is pleading guilty and AML's understanding of this plea

UNITED STATES v. AML SHIP MANAGEMENT
CR15-5321RJB/PLEA AGREEMENT - 13

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970



agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

On behalf of AML, I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement on behalf of AML or to enter the pleas on behalf of AML. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with AML's attorney is privileged and confidential, and cannot be revealed without AML's permission. Knowing this, I agree that this document will be filed with the Court.

AML is fully satisfied with the representation given AML by the attorneys for AML and I am prepared to repeat this statement at the time I stand before the Court and enter AML's guilty pleas. AML's attorneys and I have discussed all possible defenses to the charges to which AML is pleading guilty. AML's attorney has investigated AML's case and followed up on any information and issues AML has raised to AML's satisfaction. AML's attorneys have taken the time to fully explain the legal and factual issues involved in this case to AML's satisfaction. The attorneys and AML have discussed the statutes applicable to AML's offense and sentence as well as the possible effect the U.S.S.G. may have on AML's sentence.

Based on AML's complete understanding of this plea agreement, AML therefore wishes to enter a plea of guilty to Count 1 of the Information filed in this case

DATED: 25.06.2015

AML SHIP MANAGEMENT GMBH
Defendant
Name: Wajdi Nasr
Title: General Manager
Authorized Representative of Defendant

UNITED STATES v. AML SHIP MANAGEMENT
CR15-5321RJB/PLEA AGREEMENT - 14

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## STATEMENT OF COUNSEL

As counsel for the Defendant, I have discussed all plea offers and the terms of this plea agreement with the Defendant, have fully explained the charges to which the Defendant is pleading guilty and the necessary elements, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the Defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the Defendant's competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the Defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the Court.

GEORGE K. KONTAKIS
K&L Gates, LLP
Attorney for Defendant

On behalf of the United States, the following accept the Defendant's offer to plead guilty under the terms of this plea agreement.

DATED: June 25, 2015

For JAMES OESTERLE
Assistant United States Attorney

DATED: June 25, 2015

SETH WILKINSON
Assistant United States Attorney

DATED: June 25, 2015

For JOSEPH POUX, JR.
Deputy Chief
Environmental Crimes Section

UNITED STATES v. AML SHIP MANAGEMENT
CR15-5321RJB/PLEA AGREEMENT - 15